766 P.2d 83

**ENERGY FUELS NUCLEAR, INC., a Colorado corporation; Mark Stephen Chalmers and Robi Diane Chalmers, husband and wife; Marion W. Wallmark and Delma L. Wallmark, husband and wife; and Margo Laura Serpas, Plaintiffs/Appellees,**

v.

**COCONINO COUNTY, a body politic; Paul J. Babbitt, Jr., Tio Tachias, J. Dennis Wells, Mel Hannah and Louise Yellowman, in their official capacities as members of the Board of Supervisors of Coconino County; Ethel Ulibarri in her official capacity as Clerk of the Board of Supervisors of Coconino County; Connie J. Mazon, in her official capacity as Elections Director of Coconino County; and Helen I. Hudgens, in her official capacity as County Recorder of Coconino County, Defendants/Appellants,**

Citizens for Environmental Responsibility, Intervenor.

No. CV–88–0398–AP.

Supreme Court of Arizona, En Banc.

Dec. 8, 1988.

John Verkamp, Coconino County Atty. by Camille D. Bibles, Deputy County Atty., Flagstaff, for Coconino County.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, and Ryley, Carlock & Applewhite by N. Warner Lee, Abigail Carson Berger, Phoenix, for plaintiffs/appellees.

OPINION

KLEINSCHMIDT, Judge.

This is an appeal from the order of the superior court enjoining the Coconino County Board of Supervisors from placing an initiative measure on the ballot for the

general election held on November 8, 1988. The trial court found that people who resided in Coconino County but who had moved from the precincts in which they were registered to vote could not legally sign the initiative petition. When those signatures were discarded, there were insufficient names on the petition to qualify the measure for a place on the ballot. The county officials who were named as defendants in the action and the proponents of the initiative who had been allowed to intervene in the case appealed the trial court's order. On October 4, 1988, we entered an order affirming the judgment of the trial court and indicated that an opinion would follow. This is that opinion.

The broad issue is whether an initiative measure to prevent the mining, transportation, and processing of radioactive substances in Coconino County should have been placed on the ballot. Proponents of the initiative filed petitions bearing over four thousand signatures seeking to bring the issue to a vote of the people. Energy Fuels Nuclear, Inc., and others opposed to the initiative, sought, on several grounds, to enjoin the board of supervisors from placing the matter on the ballot. The trial court found that 386 signatures were invalid because "[p]ersons who moved from one voting precinct to another within the County and who do not re-register or transfer their registration prior to the time they sign an initiative petition are not qualified electors at the time of signing the petition." It is undisputed that if the trial court's legal conclusion is correct, there were insufficient signatures on the petitions to qualify the matter for the ballot.

The right of the people to initiate legislation derives from the state constitution, which requires that an initiative petition "shall contain the declaration of each petitioner, for himself, that he is a qualified elector ..., his postoffice [sic] address, the street and number, if any, of his residence, and the date on which he signed such petition." Ariz. Const. art. IV, Pt. 1, § 1(9).

There are several statutes which implement or bear upon this constitutional provision. Arizona Revised Statutes § 19–115(A) (Supp.1988) provides:

Every *qualified elector* of the state may sign a referendum or initiative petition upon any measure which he is legally entitled to vote upon. (Emphasis added.)

Arizona Revised Statutes § 16–121 (Supp.1988) defines "qualified elector." It reads:

A person *who has properly registered to vote* shall, if he is at least eighteen years of age, be deemed a qualified elector for any purpose for which such qualification is required by law, except as in §§ 16–126 and 16–127.[1] (Emphasis added.)

Another provision, A.R.S. § 16–135, reads:

An elector who within an open registration period preceding a primary or general election moves from the address at which he is registered to another address *shall, before being permitted to vote, either appear before the county recorder, deputy registrar, or a justice of the peace and register, supplying in addition to his new address* the address indicated by the record of his prior registration, or transfer his registration by the method provided in § 16–154.[2] (Emphasis added.)

Next, A.R.S. § 16–122 (Supp.1988) specifies that:

No person shall be permitted to vote unless such person's name appears as a qualified elector in both the general county register *and in the precinct register* or list of the precinct and election districts or proposed election districts in which such person resides, except as pro-

---

1. Arizona Revised Statutes § 16–126 deals with authority to vote in a presidental election after moving from the state. Arizona Revised Statutes § 16–127 deals with the eligibility of new residents to vote.

2. The "open registration period," referred to in section 135, is the period ending fifty days preceding the date of the election. *See* A.R.S. § 16–120 (Supp.1988). Arizona Revised Statutes § 16–154 permits an elector to transfer his registration by mailing the county recorder notice of a change of address.

vided in §§ 16–125 and 16–584.[3] (Emphasis added.)

Finally, A.R.S. § 16–591(3) (Supp.1988) includes as a ground for challenging a voter the fact "[t]hat he has changed his residence from the precinct in which he is registered more than fifty days next preceding the election."

■ When the constitution and these statutes are read together, it seems clear that one who signs an initiative petition must, at the time he signs, be a "qualified elector," that is, one who has complied with the registration laws and is entitled to vote. This conclusion is squarely supported by several cases which construe these provisions or the statutes from which they originate. In *Ahrens v. Kerby*, 44 Ariz. 337, 37 P.2d 375 (1934), this court held that a person who is not registered to vote may not sign an initiative petition. Another case, *Whitman v. Moore*, 59 Ariz. 211, 125 P.2d 445 (1942) (*overruled on other grounds, Brousseau v. Fitzgerald*, 138 Ariz. 453, 675 P.2d 713 (1984); *Renck v. Superior Court*, 66 Ariz. 320, 187 P.2d 656 (1947)), dealt with the precise question presented here, holding that a voter who is registered in one precinct and who moves to another precinct during an open registration period without transferring his registration is not qualified to sign an initiative petition.

The appellants, however, do not acknowledge that the statutes need be read as we interpret them, nor that *Ahrens* and *Whitman* are controlling. They point out, correctly, that the statutes relating to initiative petitions are to be liberally construed. They argue that as long as the persons who signed the petitions still reside in Coconino County, they should be entitled to sign a petition relating to a county-wide measure. They base this conclusion on several arguments.

■ They point out that the A.R.S. § 16–121, which defines "qualified elector" and which *Whitman* construed, was amended in 1986. This, they argue, gives rise to the presumption that the legislature intended to change the restrictive interpretation *Whitman* applied to the statute. *See State v. Bridgeforth*, 156 Ariz. 60, 750 P.2d 3 (1988) (when the legislature alters the language of a statute it presumably intends a change in the existing law).

Before it was amended, A.R.S. § 16–121 defined "qualified elector" as follows:

A person whose name appears on the register for the last preceding general election and whose registration has not been subsequently canceled, or a person who is registered under a subsequent registration pursuant to § 16–135, 16–136 or 16–137, shall, if he is eighteen years of age and has been a resident of this state for fifty days, be deemed a qualified elector for any purpose for which qualification is required by law, except as provided in §§ 16–126 and 16–127.

For the sake of ease of contrast, we again set out the statute as it now reads:

A person who has properly registered to vote shall, if he is at least eighteeen years of age, be deemed a qualified elector for any purpose for which such qualification is required by law, except as in §§ 16–126 and 16–127.

A.R.S. § 16–121 (Supp.1988).

The appellants insist that the words, "properly registered," in the statute as it is now worded, can only mean that the elector has properly filled out the registration form. The appellants argue that to read more into the phrase would defeat the purpose of amending the statute. They go on to point out that cancellation of registration is governed by A.R.S. §§ 16–165 and –166, neither of which lists a change of

---

**3.** Arizona Revised Statutes § 16–125 (Supp. 1988) allows a person, who has moved from his precinct during a period when registrations are closed preceding an election, to vote in the precinct where he resided. Arizona Revised Statutes § 16–584 specifies the procedure to be followed to allow an otherwise qualified elector, who is not listed in the precinct register, to vote.

The provision specifies that the election board must determine that the elector actually resides within the precinct where he casts his vote. The purpose of the provision appears to be to provide a means to allow persons whose names have been omitted from the precinct register by oversight to nevertheless vote.

address within the county as cause for cancellation. The appellants say that in this case the initiative petition relates to a county-wide issue as opposed to a state-wide or precinct issue. This factor, they argue, is particularly significant because under another statute, A.R.S. § 19–112(B), all signatures on an initiative petition sheet must be of qualified electors registered to vote in the same county.

We do not accept appellants' conclusion. The legislature, in amending A.R.S. § 16–121, apparently substituted the reference to a person "who has properly registered to vote" for the more cumbersome phrase which refers to a person "whose name appears on the register for the last preceding general election and whose registration has not been subsequently canceled, or a person who has registered under a subsequent registration or changed his registration pursuant to § 16–135, 16–136, or 16–137...." Nothing in the change mandates the conclusion that the legislature intended to eviscerate *Whitman,* and there are compelling reasons for believing otherwise.

Had the legislature intended that persons who moved without notifying the recorder of their change of address be entitled to vote, it would have repealed or amended A.R.S. § 16–135 requiring such notification of change of address, it would have repealed or amended A.R.S. § 16–122 which forbids a person from voting unless his name appears in both the county and precinct register, and it would have repealed or amended A.R.S. § 16–591(3) which specifies that a voter may be challenged for having changed his residence from the precinct in which he was registered more than fifty days preceding the election. These provisions, which survived the amendment to A.R.S. § 16–121, are the key to the legislature's intent, and they are incompatible with the appellants' position.

■ The appellants go on to assert, however, that a number of the people who changed their place of residence and then signed the initiative petition have subsequently given the recorder notice of their new address so that they will, in fact, be permitted to vote in the general election. They argue, in effect, for a retroactive validation of these signatures. The record is silent as to how many signers have taken this step and are now qualified electors. That alone defeats the argument because the proponents of the initiative had the burden of affirmatively proving the facts that would support their argument on this point. *See Whitman,* 59 Ariz. at 227, 125 P.2d at 453–54. If that were not enough, the argument also fails because, as we have already observed, *Whitman* holds that "persons who were not *at the date they signed the petition,* registered in the precinct in which the addresses placed opposite their names were located" are not entitled to sign initiative petitions. *Id.* at 226, 125 P.2d at 453 (emphasis added). The statutes as interpreted by *Whitman* promote efficiency and certainty in validating initiative petitions. They are not unreasonable. The difficulties which would attend an attempt to determine which signers might have given notice of a change of address after they signed a petition would be, although not insurmountable, nonetheless considerable.

Our conclusion that persons who sign initiative petitions must be properly registered to vote on the date they sign the petition makes it unnecessary to address the other issues in this case.

The judgment of the trial court is affirmed.

FELDMAN, V.C.J., and HOLOHAN, MOELLER and CAMERON, JJ., concur.

GORDON, C.J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, THOMAS C. KLEINSCHMIDT, Judge, Court of Appeals, Division One, was designated to sit in his stead.